**Opinion filed October 3, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00320-CR

_____

## CHRISTOPHER WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 42nd District Court
### Taylor County, Texas
### Trial Court Cause No. 27021A

---

## M E M O R A N D U M   O P I N I O N

The trial court revoked Appellant's community supervision and imposed a sentence of confinement for six years. On appeal, Appellant claims that he received ineffective assistance of counsel from the lawyer who represented him at the revocation hearing. We affirm.

On April 21, 2017, Christopher Williams entered a plea of guilty to the second-degree felony offense of aggravated assault. The trial court found Appellant

guilty and, pursuant to the terms of a plea agreement, assessed Appellant's punishment at confinement for six years. The trial court suspended the imposition of the sentence and placed Appellant on community supervision for a term of six years. A few months later, on September 22, 2017, the State file a motion to revoke Appellant's community supervision. In that motion, the State alleged that Appellant had committed eleven violations of the terms and conditions of his community supervision. Approximately five weeks later, on October 30, 2017, the State filed an amended motion to revoke community supervision and added a twelfth violation. Appellant entered a plea of true to all but two of the allegations. He did not plead true to Allegation No. 5 in which the State alleged that Appellant possessed marihuana on three separate occasions, and neither did he plead true to Allegation No. 6 in which the State alleged that Appellant possessed multiple firearms.

After a hearing, the trial court found that all allegations, except Allegation No. 6, were true; revoked Appellant's community supervision; and imposed the original sentence of confinement for six years. Appellant did not file a motion for new trial after the trial court revoked Appellant's community supervision.

In his sole issue on appeal, Appellant alleges that he received ineffective assistance of counsel in some fourteen different instances, all of which deal with trial counsel's failure to object to allegedly inadmissible evidence or his failure to properly cross-examine witnesses. In the first of two subparts to his issue on appeal, Appellant claims that trial counsel was ineffective in that counsel failed to properly investigate the law and the facts and to properly inform Appellant of his rights and options under the law. In the second subpart, Appellant claims that trial counsel was ineffective because counsel did not file a "pre-trial motion to suppress blood evidence obtained in violation of 4th Amendment under *McNeely*." *See Missouri v. McNeely*, 569 U.S. 141 (2013). We will consider only those claims that Appellant

aims at trial counsel's failure to object to inadmissible testimony or at counsel's failure to properly cross-examine witnesses. *See* TEX. R. APP. P. 38.1(i).

Appellant directs his complaints toward trial counsel's failure to object to testimony in which the witnesses addressed the facts of the underlying assault; discussed Appellant's Twitter username and its relation to gang activity; referred to social media posts of pictures in which Appellant is holding guns and cash; and described the content of "tweets" posted by Appellant that related to his smoking, his having expensive pants, and his drug dealing. Appellant also directs us to trial counsel's failure to object to testimony that Appellant was involved in a shooting and that Appellant had been involved in a fight. Appellant additionally faults his trial counsel for failing to properly handle the State's introduction of various pictures posted on Facebook.

Even if we assume, without deciding, that the complained-of testimony was inadmissible, Appellant has not shown that trial counsel rendered ineffective assistance when trial counsel did not object to the allegedly inadmissible testimony. The same is true as to Appellant's complaints that his trial counsel did not effectively cross-examine witnesses.

To establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action could be considered sound trial strategy. *Id.* at 689.

A claim of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814 (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  Direct appeal is usually an inadequate vehicle to raise such a claim because the record is generally undeveloped.  *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces counsel's actions as ineffective.  *Id.*  Without this opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."  *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Appellant has failed to overcome the presumption that trial counsel's decision not to object to the evidence or more vigorously cross-examine certain witnesses fell within the range of reasonable professional assistance.  Appellant bears the burden to overcome that presumption.  *See Thompson*, 9 S.W.3d at 813.  Here, the record is silent as to why Appellant's trial counsel did not object to the evidence or more vigorously cross-examine various witnesses.  Because the record is silent, it must be apparent "that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions."  *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

In this case, it is reasonable that trial counsel could have decided not to object to the testimony because the hearing was before the trial court and, in ruling on any objection, the trial court would already know the content of the evidence.  It is further reasonable to assume that trial counsel knew that he intended to call Appellant as a witness and that Appellant would corroborate, accompanied by explanation, many of the things about which Appellant now complains.  It would also seem reasonable

to assume that, as a trial tactic, trial counsel could have decided that to proffer Appellant's testimony in the face of numerous objections to some of the same material about which he now complains would detract from any possible favorable treatment from the trial court and would appear to be simply contentious. The decisions not to object to the allegedly improper evidence and not to more vigorously cross-examine witnesses would not have been "so outrageous that no competent attorney would have engaged in it." *Garcia*, 57 S.W.3d at 440; *see Orellana v. State*, 489 S.W.3d 537, 550 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing *Kuhn v. State*, 393 S.W.3d 519, 539 (Tex. App.—Austin 2013, pet. ref'd)). We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE

October 3, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.